[No. G019179. Fourth Dist., Div. Three. Oct. 7, 1996.]

PINKERTON'S, INC., et al., Petitioners, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
NICOLE SCHRIEBER et al., Real Parties in Interest.

**COUNSEL**

Ginsburg, Stephan, Oringher & Richman and Joel D. Covelman for Petitioners.

No appearance for Respondent.

Nicole Schrieber and Susann Rostler Newman, in pro. per., and David M. Eckhart for Real Parties in Interest.

**OPINION**

**WALLIN, J.**—If a plaintiff sued "Mark Twain" for money damages, and Samuel Clemens appeared in court, explained "Mark Twain" was the fictitious name he used for publishing purposes, responded to the complaint as Samuel Clemens, and obtained Samuel Clemens's dismissal from the case, could the plaintiff then continue to pursue the action against "Mark Twain"?

Of course not! By the same token, we hold here that if a plaintiff sues a corporation by the fictitious business name it uses, and the corporation appears, responds to the complaint in its corporate name, and obtains a dismissal, the plaintiffs cannot then obtain a default judgment against the fictitious business name as a legally distinct entity.

Pinkerton's, Inc., is a Delaware corporation. It does business in California under the fictitious business name "Pinkerton Security & Investigation Services" (referred to here as "Pinkerton's, Inc., DBA Pinkerton Security & Investigation Services") and has filed fictitious business name statements in Los Angeles and Orange Counties. Pinkerton Security Systems, Inc., is a subsidiary of Pinkerton's, Inc., incorporated in California.

Pinkerton's, Inc., seeks a writ of prohibition and/or mandate directing the superior court to vacate a scheduled default prove-up hearing, and set aside the default of "Pinkerton's, Inc., DBA Pinkerton Security & Investigation Services," in this personal injury lawsuit. It contends the general appearance, by way of demurrer, by Pinkerton's, Inc., was an appearance by "Pinkerton's, Inc., DBA Pinkerton Security & Investigation Services," and the dismissal of Pinkerton's, Inc., was a dismissal of "Pinkerton's, Inc., DBA Pinkerton Security & Investigation Services" because the fictitious business name does not exist as a legal entity separate from Pinkerton's, Inc. It is correct.

Although the briefs are lengthy and raise numerous points, the only relevant issue is relatively simple. Unfortunately, before we get to it, the seemingly interminable procedural history must be recounted.

In March 1994, Nicole Schrieber and Susann Rostler Newman[1] filed a personal injury complaint seeking $12 million in compensatory and punitive damages for injuries they allegedly suffered at the hands of security guards who escorted them from a federal courthouse after they caused a disturbance during a hearing. The complaint named Dean's Security Professionals, since dismissed from this action, and unnamed Doe defendants. The plaintiffs, who have primarily represented themselves in these proceedings, filed several confusing amendments to the complaint trying to designate variously named Pinkerton entities as Does. Eventually, the court ordered that Pinkerton Security Systems, Inc., be substituted in as Doe 1, and "Pinkerton's, Inc., DBA Pinkerton Security & Investigation Services" be substituted in as Doe 2.

The plaintiffs filed proofs of service of summons and complaint on Pinkerton Security Systems, Inc., and "Pinkerton's, Inc., DBA Pinkerton's

---

[1]For convenience we refer to them collectively as the plaintiffs.

Security and Investigative Service," indicating service by mail and personal service on July 18, 1995.

On August 17, Pinkerton's, Inc., filed a demurrer to the complaint and a motion to strike punitive damages. The pleading mentioned only "Pinkerton's, Inc.," and did not state it was filed on behalf of Pinkerton Security Systems, Inc., or "Pinkerton's, Inc., DBA Pinkerton Security & Investigation Services."

On August 18, the plaintiffs appeared at a court ordered hearing to discuss their prosecution (or lack thereof) of the case. A Pinkerton attorney observed from the audience. The plaintiffs advised the court they had served "the Delaware foreign corporation," "Pinkerton's, Inc." *and* "Pinkerton's, Inc., DBA Pinkerton Security & Investigation Services," and neither defendant had responded. The Pinkerton attorney advised the court that Pinkerton's, Inc., had filed a demurrer the day before. When the court asked if the attorney was also representing "the other two defendants," she replied, "[W]hat other two defendants . . . ? [¶] Pinkerton's, Inc.[,] is one entity. Their attempts to serve us . . . looked like a Doe amendment naming Pinkerton's by our DBA. We're appearing as Pinkerton's, Inc." The plaintiffs explained the other defendant was "the California Pinkerton's, which is called Pinkerton's Security Systems, Inc. She represents the Delaware corporation." The attorney then explained there was only one entity and she was appearing "on behalf of Pinkerton's, Inc., which is a Delaware corporation doing business in California as Pinkerton's Investigation Services."[2]

On September 18, the court heard the Pinkerton's, Inc., demurrer. A second Pinkerton attorney appeared. The court sustained the demurrer with 15 days leave to amend. The plaintiffs protested that they were not suing Pinkerton's, Inc., the Delaware corporation, and demanded it be dismissed. The plaintiffs insisted they were suing "Pinkerton's, Inc., DBA Pinkerton Security & Investigation Services," the California "subsidiary" of Pinkerton's, Inc., and they accused Pinkerton's, Inc., of "trying to sneak into [their] lawsuit." Counsel for Pinkerton's again attempted to explain Pinkerton's, Inc., was a Delaware corporation doing business in California under the fictitious name "Pinkerton Security & Investigation Services." There was no California corporation, there was only one legal entity and that was Pinkerton's, Inc. The plaintiffs emphatically stated they wanted to dismiss Pinkerton's, Inc., and although the court warned them doing so might lose their entire suit, they proceeded with the dismissal. The complaint was never amended.

---

[2]Several Pinkerton attorneys apparently were unaware of the legal existence of the California corporation, Pinkerton Security Systems, Inc.

After dismissing Pinkerton's, Inc., the plaintiffs informed the court they had taken defaults against the two California "subsidiaries" of Pinkerton's, Inc.: Pinkerton Security Systems, Inc., and "Pinkerton's, Inc., DBA Pinkerton Security & Investigation Services," and wanted to set default prove-up hearings. The Pinkerton attorney expressed his confusion: "If [the plaintiffs] sued Pinkerton, Inc., DBA Pinkerton Security & Investigation Services and Pinkerton's, Inc., respond[ed] . . . with a demurrer, do we need to show up at the—this default prove-up hearing?" The court advised that he should.

October 3 was the date first set for the default prove-up hearing against Pinkerton Security Systems, Inc., and "Pinkerton's, Inc., DBA Pinkerton Security & Investigation Services." However, it was discovered that the defaults had never been entered. The Pinkerton attorney appeared and explained he had recently discovered Pinkerton Security Systems, Inc., was indeed a separate California corporation, formed as a shell for purposes of an acquisition and existing in name only. Since default had not been entered, he filed a separate demurrer for Pinkerton Security Systems, Inc., and no default could be entered. The plaintiffs protested that they had dismissed Pinkerton's, Inc., but not the "DBA" "Pinkerton's, Inc., DBA Pinkerton Security & Investigation Services," and as far as they were concerned they could still pursue the "DBA."

On October 4, the plaintiffs requested, and the clerk entered, defaults against Pinkerton Security Systems, Inc., and "Pinkerton's, Inc., DBA Pinkerton Security & Investigation Services." On October 23, Pinkerton Security Systems, Inc.'s demurrer was sustained with 15 days leave to amend. No amendment was filed, and Pinkerton Security Systems, Inc., was dismissed.

November 9 was scheduled for a default prove-up hearing against "Pinkerton's, Inc., DBA Pinkerton Security & Investigation Services." A third Pinkerton attorney appeared. As with the first two attorneys, he attempted to explain that "Pinkerton's, Inc., DBA Pinkerton Security and Investigation Services" was not a separate legal entity. Rather "Pinkerton Security & Investigation Services" was a fictitious business name used by Pinkerton's, Inc. Because Pinkerton's, Inc., had made an appearance and been dismissed, the default could not proceed against the fictitious business name. The trial court opined that the plaintiffs were not suing "Pinkerton's, Inc.," but were suing its "DBA," and unless counsel could provide legal authority that an appearance on behalf of "Pinkerton's, Inc.," constituted an appearance for the Pinkerton "DBA" the plaintiffs could proceed with their default prove-up against the "DBA." The matter was continued.

On November 19, the Pinkerton attorney confessed he could not find the authority the court requested. He explained that by naming "Pinkerton's,

Inc., DBA Pinkerton Security & Investigation Services," the plaintiffs were suing Pinkerton's, Inc., the only legal entity. It was counsel's intention to "expedite" the process by answering on behalf of the proper defendant, rather than protesting the naming of the fictitious business name. The trial court again opined the plaintiffs could sue the "DBA" as a separate entity from the corporation because most people would reasonably believe they were different entities.

On November 28, Pinkerton's, Inc., filed a motion to set aside the default of "Pinkerton's, Inc., DBA Pinkerton Security & Investigation Services." The motion was heard on January 16, 1995. The trial court denied the motion because no proposed responsive pleading was filed with it. Counsel for Pinkerton's insisted he had attached a proposed demurrer as part of the motion, but could not produce a conformed copy. The court scheduled the default prove-up hearing for February 13. This writ petition was filed on February 6. We stayed the default prove-up hearing and issued an alternative writ on February 29.

## I

■ Pinkerton's, Inc., seeks a writ of mandate directing the trial court to set aside the default of "Pinkerton's, Inc., DBA Pinkerton Security & Investigation Services," and a writ of prohibition restraining the trial court from proceeding with a default prove-up hearing. The plaintiffs contend this petition is untimely because it was not filed within 60 days from the date when Pinkerton's, Inc., was dismissed, and Pinkerton's, Inc., has no further interest in this action or a judgment against its "DBA." Because we conclude there is no legal distinction between Pinkerton's, Inc., and its fictitious business name "Pinkerton's, Inc., DBA Pinkerton Security & Investigation Services," we reject the argument. The petition was timely filed.

## II

The trial court erred when it refused to set aside the default of "Pinkerton's, Inc., DBA Pinkerton Security & Investigation Services" for the simple reason that the default was improperly entered in the first place. A default may only be entered when no responsive pleading has been filed. (Code Civ. Proc., § 585, subd. (b).) Here not only had Pinkerton's, Inc., filed a demurrer, which was sustained, but it was dismissed from the suit. Any subsequent proceedings against Pinkerton's, Inc., whether in its corporate name or its fictitious business name, were improper.

Pinkerton's, Inc., operates in California under the fictitious business name "Pinkerton Security & Investigation Services" and has filed the appropriate

fictitious business name statements. (Bus. & Prof. Code, § 17910 et seq.) This case has been propelled by a fundamental failure to comprehend the distinction, or lack thereof, between the legal corporation and its fictitious business name. The plaintiffs have been steadfast in their insistence that they do not want to sue Pinkerton's, Inc., the Delaware corporation. Rather, they want to sue its "DBA" "Pinkerton's, Inc., DBA Pinkerton Security & Investigation Services." But "Pinkerton Security & Investigation Services" is a fiction. It is nothing more than a name that Pinkerton's, Inc., uses. And although a lawsuit could properly be brought against Pinkerton's, Inc., by suing and serving it under its fictitious business name (Code Civ. Proc., § 474; *Billings* v. *Edwards* (1979) 91 Cal.App.3d 826, 831, fn. 1 [154 Cal.Rptr. 453]), once Pinkerton's, Inc., appeared and was dismissed, the case was at an end.

The designation of "DBA" or "doing business as" simply indicates Pinkerton's, Inc., operates under a fictitious business name. (See Bus. & Prof. Code, § 17900 et seq. [regulating fictitious business names].) Use of a fictitious business name does not create a separate legal entity. As the First District Court of Appeal recently noted, " '[t]he designation [DBA] means "doing business as" but is merely descriptive of the person or corporation who does business under some other name. *Doing business under another name does not create an entity distinct from the person operating the business.*' [Citation.] The business name is a fiction, and so too is any implication that the business is a legal entity separate from its owner." (*Providence Washington Ins. Co.* v. *Valley Forge Ins. Co.* (1996) 42 Cal.App.4th 1194, 1200 [50 Cal.Rptr.2d 192], italics added, quoting *Duval* v. *Midwest Auto City, Inc.* (D.Neb. 1977) 425 F.Supp. 1381, 1387, affd. (8th Cir. 1978) 578 F.2d 721.)

The cases from other jurisdictions have reached the same conclusion. One federal court aptly explained, "the significance [of the term 'doing business as'] is, thus, much like that given to other phrases in common use in the law for slightly different purposes, 'alias' . . . 'a/k/a' or 'also known as' . . . ." (*Southern Ins. Company* v. *Consumer Ins. Agcy., Inc.* (E.D.La. 1977) 442 F.Supp. 30, 31; see also *Wood Mfg. Co., Inc.* v. *Schultz* (W.D.Ark. 1985) 613 F.Supp. 878, 884, fn. 7 [" 'Doing business under another name does not create an entity distinct from the person operating the business. The individual who does business as a sole proprietor under one or several names remains one person, personally liable for all his obligations. So also with a corporation which uses more than one name.' "]; *American Exp.* v. *Beryle* (1991) 202 Ga.App. 358, 360 [414 S.E.2d 499, 501] ["The use of d/b/a or 'doing business as' to associate a tradename with the corporation using it does not create a legal entity separate from the corporation but is merely

descriptive of the corporation."]; *Krawfish Kitchen Restaurant, Inc.* v. *Ardoin* (La.Ct.App. 1981) 396 So.2d 990, 993 [" ' "The designation 'd/b/a' means 'doing business as' but is merely descriptive of the person or corporation who does business under some other name. Doing business under another name does not create an entity distinct from the person operating the business." ' "]; *Jaffe* v. *Nocera* (D.C.App. 1985) 493 A.2d 1003, 1008 [" '[T]he ordinary sense of the words' X, d/b/a Y, Inc. should 'convey . . . the message' that X remains personally liable for this entity's obligations."]; *State* v. *Ivanhoe* (1990) 165 Ariz. 272, 274 [798 P.2d 410, 412] ["Defendant's decision to conduct business under [a fictitious name] did not create an entity distinct from defendant: 'The designation "d/b/a" means "doing business as" but is merely descriptive of the person or corporation who does business under some other name. Doing business under another name does not create an entity distinct from the person operating the business.' "]; in accord, *Patterson* v. *V & M Auto Body* (1992) 63 Ohio St.3d 573, 575 [589 N.E.2d 1306, 1308]; *Rink* v. *NPN, Inc.* (N.D. 1988) 419 N.W.2d 194, 195; *Carlson* v. *Doekson Gross, Inc.* (N.D. 1985) 372 N.W.2d 902, 905; *Thomas* v. *Colvin* (Okla.Ct.App. 1979) 592 P.2d 982, 983.)

The plaintiffs' and the trial court's confusion stems from the fact that the plaintiffs named and served Pinkerton's, Inc., under its fictitious business name, "Pinkerton's, Inc., DBA Pinkerton Security & Investigation Services," an entirely acceptable procedure. (Code Civ. Proc., § 474; see *Billings* v. *Edwards, supra,* 91 Cal.App.3d at p. 831, fn. 1 ["[W]here a person or corporation elects to follow the statutory procedure of section 17900 et seq. of the Business and Professions Code, it has held itself out to those with whom it does business as having adopted that name for all business purposes. Notice to it under that name is all that the law requires."].) But while a corporation may be sued by its fictitious business name, once its true name is discovered, all further proceedings should be in the corporate name. (Code Civ. Proc., § 474; see 1 Ballantine & Sterling, Cal. Corporation Law (4th ed. 1996) § 49.04, pp. 3-50.8 to 3-52.) The trial court incorrectly concluded two separate appearances had to be made, one by the corporation in its true legal name and one by the corporation under its fictitious name, and was wrong when it found an action could proceed against a fictitious business name after the legal entity had been dismissed. Since Pinkerton's, Inc., had appeared, entry of default against it under its fictitious business name was improper and had no legal effect. Furthermore, inasmuch as Pinkerton's, Inc., has been dismissed, the action against it in both its corporate name and its fictitious business name must be dismissed.

Let a peremptory writ of mandate issue directing the trial court to vacate its order denying the motion of Pinkerton's, Inc., to set aside the default of

"Pinkerton's, Inc., DBA Pinkerton Security & Investigation Services" and enter a new and different order setting aside the default and dismissing "Pinkerton's, Inc., DBA Pinkerton Security & Investigation Services" from this action. The alternative writ is discharged. The stay is dissolved. Pinkerton's, Inc., is awarded its costs. (Cal. Rules of Court, rule 56.4.)

Sills, P. J., and Crosby, J., concurred.

The petition of real parties in interest for review by the Supreme Court was denied January 15, 1997.