

FILED

**NOT FOR PUBLICATION**

FEB 23 2010

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CENTURY SURETY COMPANY, an Ohio corporation, | No. 07-56615 |
| Plaintiff-counter-defendant - Appellee, | D.C. No. CV-05-01548-MJL |
| v. | MEMORANDUM[*] |
| JACQUELINE HELLEIS, individually and doing business as Flagship Research, | |
| Defendant, | |
| and | |
| 350 W.A., LLC, a California limited liability company, | |
| Defendant-counter-claimant - Appellant. | |

| | |
|---|---|
| CENTURY SURETY COMPANY, an Ohio corporation, | No. 09-55205 |
| Plaintiff-counter-defendant - Appellee, | D.C. No. 3:05-cv-01548-L-LSP |

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

v.

350 W.A., LLC, a California limited
liability company,

          Defendant-counter-claimant -
Appellant,

DAVID A. BLACKBURN,

    Counter-claimant - Appellant,

and

JACQUELINE HELLEIS, individually
and doing business as Flagship Research,

        Defendant.

Appeal from the United States District Court
for the Southern District of California
M. James Lorenz, Senior District Judge, Presiding

Argued and Submitted February 3, 2010
Pasadena, California

Before: SCHROEDER, FISHER and N.R. SMITH, Circuit Judges.

This is an appeal by 350 W.A., LLC ("350") from the entry of summary

judgment in favor of Century Surety Company ("Century") in Century's action for

a declaratory judgment that a commercial insurance policy it issued to 350 as

owner of a commercial office building did not provide coverage for the wrongful

eviction of one of the tenants. The tenant, Jacqueline Helleis d.b.a. Flagship Research, had obtained a sizable judgement against 350 for the wrongful eviction. California law applies.

We reverse the summary judgment on coverage and hold that under the relevant provision of the policy, where coverage was provided for wrongful eviction of "premises that a person occupies," there was coverage for the wrongful eviction of this tenant, who was a person occupying the premises. Century attempts to rely on *Mirpad, LLC v. California Insurance Guarantee Association*, 34 Cal. Rptr. 3d 136 (Ct. App. 2005), to suggest that a business is not a "person" within the meaning of the policy provision, even though the entity evicted in this case was an individual doing business in the commercial building insured under the policy. *See Pinkerton's, Inc. v. Superior Court*, 57 Cal. Rptr. 2d 356, 358 (Ct. App. 1996); *Providence Washington Ins. Co. v. Valley Forge Ins. Co.*, 50 Cal. Rptr. 2d 192, 194 (Ct. App. 1996). *Mirpad* involved an eviction of a corporation and did not cover the situation presented in this case. *See Mirpad*, 34 Cal. Rptr. 3d at 144.

We also reject Century's alternative contention that the general exclusion of breach of contract injury swallows the specific coverage for wrongful eviction injury. *See Medill v. Westport Ins. Corp.*, 49 Cal. Rptr. 3d 570, 579-80 (Ct. App.

3

2006).  Additionally, we reject Century's argument that 350's late tender substantially prejudiced Century.  *See Northwestern Title Sec. Co. v. Flack*, 85 Cal. Rptr. 693, 696 (Ct. App. 1970).

Appellant 350 also appeals from the entry of the stipulated judgment enforcing the terms of the bond agreement requiring 350 to provide collateral for the appeal bond in the wrongful eviction appeal in state court.  The judgment was in accordance with the parties' agreement that contemplated entry of the judgment if 350 was not able to substitute collateral for the bond.  350 failed to demonstrate why the agreement should not be enforced.  The district court's entry of the stipulated judgment is affirmed.

**AFFIRMED** in part and **REVERSED** in part and **REMANDED**.  Costs will be awarded to 350 W.A., LLC.