Filed 9/10/15  Vildosola v. Countrywide Home Loans, Inc. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| MIGUEL A. VILDOSOLA et al., | D066094 |
| Plaintiffs and Appellants, | |
| v. | (Super. Ct. No. 37-2013-00079436-CU-BT-CTL) |
| COUNTRYWIDE HOME LOANS, INC. et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of San Diego County, Joel M. Pressman, Judge.  Affirmed.

Joseph La Costa for Plaintiffs and Appellants.

Severson & Werson, Jan T. Chilton and Michael G. Cross for Defendants and Respondents.

Like the trial court in this wrongful foreclosure case, we reject the plaintiff's attempt to avoid responsibility for more than $1 million in loans, the proceeds of which they admit they received, on the grounds the lender was not fully and accurately

identified in the underlying loan documents. The record shows the loan documents identify the lender by use of the fictitious name under which it carried on its business. The lender's use of its fictitious name did not invalidate the notes or deeds of trust or otherwise relieve the plaintiffs of their obligations. Accordingly, we affirm the trial court's judgment entered on its order sustaining the defendant lender's demurrer.

FACTUAL AND PROCEDURAL BACKGROUND

According to the allegations of their complaint, in 2006 plaintiffs and appellants Miguel A. Vildosola and Iris Vildosola (collectively Vildosolas) purchased a home in Chula Vista. They financed the purchase by borrowing a total of $1,080,000; $960,000 of the financing was in the form of a promissory note, secured by a first deed of trust on the home they were purchasing, and an additional $120,000 was financed by way of a separate note, secured by a second deed of trust on the home.

In 2011, the Vildosolas were in default under the terms of the notes and deeds of trust and a notice of default and election to sell under a deed of trust was recorded against their home.

On December 10, 2013, the Vildosolas filed their complaint against: "AMERICA'S WHOLESALE LENDER, a New York Corporation." The complaint attached, as exhibits, the two notes and accompanying deeds of trust. The deeds of trust state: "'Lender' is [¶] AMERICA'S WHOLESALE LENDER [¶] Lender is a CORPORATION [¶] organized and existing under the laws of NEW YORK."

The Vildosolas allege there has never been a corporation organized under New York law named America's Wholesale Lender. The Vildosolas further allege that

2

because no such corporation has ever existed, the notes and deeds of trust they executed are null and void.

Countrywide Home Loans, Inc. (Countrywide) is a corporation existing under the laws of the state of New York.[1]  Countrywide filed a demurrer to the Vildosolas' complaint.  In support of the demurrer, Countrywide asked that the trial court take judicial notice of fictitious business name statements it first recorded in 1993, by which Countrywide stated that it would be doing business as America's Wholesale Lender.  The trial court sustained Countrywide's demurrer without leave to amend and entered judgment dismissing the Vildosolas complaint.

## DISCUSSION

### I

We review de novo an order sustaining a demurrer without leave to amend. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)  The issue is whether, assuming the truth of all well-pleaded facts and those subject to judicial notice, the complaint alleged facts sufficient to state a cause of action.  (*Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1126.)  We disregard contentions, deductions or conclusions of fact or law.  (*Ibid*.) "Further, we give the complaint a reasonable interpretation, reading it as a whole and its parts in their context.  [Citation.]  When a demurrer is sustained, we determine whether

---

[1]     Upon Countrywide's request, we have taken judicial notice of documents from the office of the New York State Department of State, Division of Corporations and the California Secretary of State.  (Evid. Code, §§ 452, subd. (h) & 459, subd. (a).)  These documents show that at all pertinent times Countrywide was a duly organized New York corporation doing business in California.

3

the complaint states facts sufficient to constitute a cause of action.  [Citation.]  And when it is sustained without leave to amend, we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm.  [Citations.]  The burden of proving such reasonable possibility is squarely on the plaintiff.'  [Citations.]"  (*Ibid*.)  However, if any one of the several grounds of demurrer is well taken, the judgment must be affirmed.  (*Aubry v. Tri–City Hospital Dist.* (1992) 2 Cal.4th 962, 967.)

## II

"Use of a fictitious business name does not create a separate legal entity.  As the First District Court of Appeal recently noted, '"[t]he designation [DBA] means 'doing business as' but is merely descriptive of the person or corporation who does business under some other name.  *Doing business under another name does not create an entity distinct from the person operating the business*."  [Citation.]  The business name is a fiction, and so too is any implication that the business is a legal entity separate from its owner.'  [Citations.]"  (*Pinkerton's, Inc. v. Superior Court* (1996) 49 Cal.App.4th 1342, 1348; see *Cleveland v. Johnson* (2012) 209 Cal.App.4th 1315, 1330.)  Thus, in using the fictitious name America's Wholesale Lender in the loan documents, Countrywide acted properly and did not create or purport to create any new juridical entity.  (*Ibid*.)  The fact that the loan documents went further and stated that America's Wholesale Lender is a

4

New York Corporation was not inaccurate or misleading.[2]  Countrywide, doing business as America's Wholesale Lender, is and was a New York corporation and, like a multitude of other businesses, is permitted to operate under its fictitious name.  (*Ibid.*)

The obvious lack of merit in the Vildosolas' contentions required that the trial court not only sustain Countrywide's demurer, but that it does so without leave to amend.

## DISPOSITION

The judgment is affirmed.  Countrywide to recover its costs of appeal.

BENKE, J.

WE CONCUR:

McCONNELL, P. J.

IRION, J.

---

2      Contrary to the Vildosolas argument on appeal, the loan documents do not describe the lender as "America's Wholesale Lender, a New York Corporation."  Rather, as we noted, the deeds of trust state that "'Lender' is [¶] AMERICA'S WHOLESALE LENDER [¶] Lender is a CORPORATION [¶] organized and existing under the laws of NEW YORK."  As we have indicated, this statement is accurate.