Filed 2/3/16  Bucur v. Vithlani CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

VIOREL BUCUR,

    Plaintiff and Appellant,

v.

DILIP VITHLANI,

    Defendant and Respondent.

E063738

(Super.Ct.No. RIC1500708)

OPINION

APPEAL from the Superior Court of Riverside County.  Sunshine S. Sykes, Judge. Affirmed.

Viorel Bucur, in pro. per., for Plaintiff and Appellant.

Law Offices of Dilip Vithlani, Dilip Vithlani; Law Offices of Ricardo Figueroa and Ricardo A. Figueroa for Defendant and Respondent.

1

# I

## INTRODUCTION[1]

Plaintiff and appellant Viorel Bucur appeals from the trial court's order granting defendant Dilip Vithlani's anti-SLAPP motion to strike the tenth cause of action for malicious prosecution. (Code Civ. Proc., §§ 425.16, subd. (i); 904.1, subd. (a)(13).)[2] The key issue is Bucur's claim that Vithlani, a lawyer, never represented Bucur and therefore could not sue Bucur to recover attorney's fees in a cross-complaint in another case, RIC1305031. The record shows, however, that Bucur, doing business as Liguari Products, Inc. (Liguari), signed a fee agreement with Vithlani on April 29, 2011. Bucur subsequently executed three attorney substitutions on January 9, 2013, replacing Vithlani with another lawyer, George A. Saba.[3] Bucur also alleged in a cross-complaint that he and his two companies had all hired Vithlani. Because it is abundantly clear that Vithlani is Bucur's former lawyer, and therefore Bucur cannot demonstrate the probability of prevailing, we affirm the order granting the motion to strike.

---

[1] We take judicial notice of a recently published case from Division One, *Bucar v. Ahmad* (Jan. 26, 2016, D068689) 2016 Cal.App. LEXIS 48, which is related litigation imposing $56,311 in sanctions against Bucar.

[2] All further statutory references are to the Code of Civil Procedure unless stated otherwise.

[3] We grant respondent's request for judicial notice, filed November 4, 2015. (Evid. Code, § 452, subd. (d).)

## FACTUAL AND PROCEDURAL BACKGROUND

Bucur, acting as his own attorney, has not followed appellate rules and protocol. Nevertheless, we have reviewed the record and summarized the pertinent facts. Some information is derived from a previous appeal, *Bucur v. Ujkaj*, E060451 (the *Ujkaj* action.)

### A. The Wasarhelyi *and* Ujkaj Actions

As previously described in the *Ujkaj* appeal, Bucur and his two companies, Liguari and VLB Associates Inc. (VLB),[4] were sued in 2011 by Chuck Wasarhelyi, in a dispute about two commercial contracts with FedEx (the *Wasarhelyi* action, case No. RIC1106033.) In January 2013, Saba, instead of Vithlani, began representing Bucur. In April 2013, a jury returned a special verdict in favor of Wasarhelyi.

In 2013, Bucur filed the *Ujkaj* complaint, RIC1305031. Vithlani and Bucur also filed cross-complaints against one another in the *Ujkaj* case. Bucur and his companies asserted claims of legal malpractice and related causes of action against Vithlani. Vithlani sought to recover his attorney's fees incurred in the *Wasarhelyi* case while representing Bucur, VLB, and Liguari. In July 2014, Vithlani dismissed the part of his

---

[4] Bucur admits he is the president of Liguari and VLB.

collections claim against Bucur and VLB because he could collect a default judgment against Liguari as a suspended corporation.

In November 2014, the court awarded judgment against Bucur and VLB and in favor of Vithlani after a court trial. The court also granted Vithlani a default judgment of about $22,000 against Liguari.

## B. *The Present Complaint and the Motion to Strike*

In January 2015, Bucur filed a complaint for damages against Vithlani and other defendants, which included the tenth cause of action for malicious prosecution.[5] Vithlani countered by filing a motion to strike the tenth cause of action. The central dispute involves whether Bucur could demonstrate the probability of prevailing in light of the facts that Vithlani had represented Bucur and Vithlani won his action against Liguari to collect attorney's fees. Bucur's response was to argue that Vithlani had never represented him personally. After a hearing, the trial court granted the motion to strike. Bucur appeals.

## III

## DISCUSSION

We conduct an independent review of the trial court's ruling on an anti-SLAPP motion. (*Bernardo v. Planned Parenthood Federation of America* (2004) 115

---

[5] Bucur incorrectly cites to his first amended complaint, which was not the subject of the anti-SLAPP motion.

Cal.App.4th 322, 339; *Navarro v. IHOP Properties, Inc.* (2005) 134 Cal.App.4th 834, 839.) By its terms, the anti-SLAPP statute applies to any cause of action against a defendant "arising from any act of that person in furtherance of the person's right of petition or free speech . . . ." (§ 425.16, subd. (b).) A claim affecting the exercise of these rights is subject to a special motion to strike unless the court determines there is a probability that the complainant will prevail on the claims. (§ 425.16, subd. (b).) The anti-SLAPP statute protects against the use of the judicial system to chill the constitutionally-protected right to make statements or writings before judicial or other official proceedings, and in connection with an issue under consideration or review by a judicial body or other legally authorized official proceeding. (§ 425.16, subd. (e).)

The anti-SLAPP statute "posits . . . a two-step process for determining whether an action is a SLAPP." (*Navellier v. Sletten* (2002) 29 Cal.4th 82, 88.) Here the parties agree that Vithlani's cross-complaint to collect attorney's fees arises from rights as defined in section 425.16, subdivision (c). (*Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 61.) Therefore, the burden shifts to Bucur, the opposing party, to establish a "probability" that he will prevail. (§ 425.16, subd. (b); *Equilon,* at p. 61.) Bucur must demonstrate that his claim is supported by a sufficient prima facie showing of facts to sustain a favorable judgment. (*Premier Medical Management Systems, Inc. v. California Ins. Guarantee Assn.* (2006) 136 Cal.App.4th 464, 476; *Chavez v. Mendoza* (2001) 94 Cal.App.4th 1083, 1087.)

As for the probability of prevailing, the second prong of the SLAPP analysis, an opposing party is "required both to plead claims that were legally sufficient, and to make a prima facie showing, by admissible evidence, of facts that would merit favorable judgment on those claims, assuming plaintiff's evidence were credited." (*1-800 Contacts, Inc. v. Steinberg* (2003) 107 Cal.App.4th 568, 584.)

Bucur cannot make the required showing because he cannot assert a viable claim for malicious prosecution against his former attorney. Based on the record, Bucur cannot show the elements of malicious prosecution: "A plaintiff must plead and prove three elements to establish the tort of malicious prosecution: a lawsuit '(1) was commenced by or at the direction of the defendant and was pursued to a legal termination favorable to the plaintiff; (2) was brought without probable cause; and (3) was initiated with malice.' [Citation.]" (*Nunez v. Pennisi* (2015) 241 Cal.App.4th 861, 872-873.)

Bucur contends Vithlani's successful complaint to recover attorney's fees was brought without cause and with malice because Vithlani never represented him. The record contradicts his position. According to the evidence, Bucur personally executed an attorney-client fee agreement in April 2011. Although Bucur executed the agreement while "doing business as" Liguari, the two were not separate legal entities. (*Pinkerton's, Inc. v. Superior Court* (1996) 49 Cal.App.4th 1342, 1348.) Instead, Vithlani represented Bucur and both his companies until Bucur replaced Vithlani with Saba in January 2013. In November 2013, Bucur sued Vithlani for legal malpractice, alleging Vithlani had

6

represented him and his two companies. Bucur lost that claim and Vithlani won on his cross-complaint against Liguari.

Bucur is incorrect in his assertion that Vithlani did not represent him. Therefore, Bucur cannot show he received a favorable legal termination or that the collections action was brought without cause and with malice. Under such circumstances, where Bucur could not establish the probability of prevailing the trial court properly granted the anti-SLAPP motion. (*Nunez v. Pennisi, supra,* 241 Cal.App.4th at *pp.* 874-879.)

IV

DISPOSITION

We affirm the judgment. In light of our conclusions, we need not discuss any additional issues raised by Bucur. Vithlani is entitled as the prevailing party to recover his costs and attorney's fees on appeal. (*Lucky United Properties Investment, Inc. v. Lee* (2010) 185 Cal.App.4th 125, 138-139.)

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON_____
J.

We concur:


HOLLENHORST_____
Acting P. J.


McKINSTER_____
J.

7