**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SOUTHERN CALIFORNIA COUNSELING CENTER, | No. 14-56169 |
| Plaintiff - Appellant, | D.C. No. 2:13-cv-05468-ABC (AGR) |
| v. | |
| GREAT AMERICAN INSURANCE COMPANY, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Audrey B. Collins, District Judge, Presiding

Argued and Submitted June 9, 2016
Pasadena, California

Before: REINHARDT and WARDLAW, Circuit Judges and KORMAN,[**] Senior District Judge.

Southern California Counseling Center ("SCCC") appeals the grant of Great

American Insurance Company's ("GAIC") motion for summary judgment and the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Edward R. Korman, Senior District Judge for the U.S. District Court for the Eastern District of New York, sitting by designation.

denial of its own motion for partial summary judgment in a case arising out of the rejection of SCCC's reimbursement claim under a GAIC-issued insurance policy's coverage for losses due to computer fraud. The district court found that the policy's exclusion for losses caused by "authorized representatives" – here, SCCC's payroll-services agent, Ben Franklin Payroll Service, and/or its principal, Richard Zakarian – applied. We affirm.

Section D.1.c of the policy excludes from coverage losses caused by the dishonest acts of "authorized representatives." Black's Law Dictionary defines "to authorize" as "[t]o give legal authority; to empower," and "representative" as "[s]omeone who stands for or acts on behalf of another." *Black's Law Dictionary* (10th ed. 2014). Webster's Dictionary presents substantially similar definitions. *Webster's Third New International Dictionary (Unabridged)* 146–47, 1926–27 (1981). As a result, authorized representatives are "in essence, those whom the insured empowers to act on its behalf." *Stanford Univ. Hosp. v. Fed. Ins. Co.*, 174 F.3d 1077, 1085 (9th Cir. 1999). Just as we found in *Stanford* with regard to a similar provision in an insurance policy, "the plain meaning of the 'authorized representative' language [here] . . . is not ambiguous and covers those who by authorization of the insured are given access to and permitted to handle the insured's funds." *Id.*

This understanding comports with the function of the provision within the

policy: to place the onus of vetting the individuals and entities whom the insured engages to stand in its shoes – and thus the risk of loss stemming from their conduct – squarely on the insured. In other words, the term "authorized representative" is "a straightforward effort to embrace all statuses that are 'authorized,' and thus are the insured's responsibility to supervise." *Id.* (quoting *Stop & Shop Cos. v. Fed. Ins. Co.*, 136 F.3d 71, 76 (1st Cir. 1998)).

SCCC executed multiple agreements with Ben Franklin Payroll Service and/or its principal, Richard Zakarian, to allow the latter party or parties to provide payroll services. In doing so, SCCC gave them direct access to its bank account and permission to file tax documents on its behalf. These agreements used the word "authorize" numerous times; indeed, it is difficult to imagine contracts that could more explicitly "authorize" a "representative" to act on one's behalf. Under these circumstances, the district court did not err in concluding that the only reasonable construction of the term "authorized representative" encompasses Ben Franklin Payroll Service and/or Zakarian, and, as a result, the exclusion unambiguously applies. That Ben Franklin Payroll Service was not an incorporated or registered business is of no significance because it is clear that an entity or individual doing business under the name Ben Franklin Payroll Service entered into the agreements with SCCC and even partially performed for a period of time. *See Pinkerton's Inc. v. Superior Court*,

57 Cal. Rptr. 2d 356, 360 (Ct. App. 1996).

**AFFIRMED**.