Filed 4/10/19

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| VAIULA SAVEA,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>YRC INC.,<br><br>    Defendant and Respondent. | A152379<br><br>(San Mateo County<br>Super. Ct. No. 17CIV00868) |

Plaintiff Vaiula Savea (Savea), employee of defendant YRC Inc. (YRC), filed a complaint against YRC alleging YRC failed to provide the correct employer name and address on its wage statements as required by Labor Code section 226, subdivision (a)(8).[1]  The trial court sustained YRC's demurrer to the complaint without leave to amend, and Savea appeals.  He contends the court erred by:  (1) determining that the wage statements—which listed YRC's fictitious business name as the employer name and listed an employer address that did not contain a mail stop code or ZIP+4 Code—did not violate section 226, subdivision (a)(8); and (2) considering evidence that YRC presented in a supplemental request for judicial notice.  We conclude YRC did not violate section 226, subdivision (a)(8) by providing its fictitious business name as the employer name on its wage statements or by providing an employer address that did not contain a mail stop code or ZIP+4 Code.  We also conclude the court did not err in considering the additional evidence.  Accordingly, we shall affirm the judgment.

---

[1] All further, undesignated statutory references are to the Labor Code.

1

## FACTUAL AND PROCEDURAL BACKGROUND

Savea has been an employee of YRC since 1998. During his employment, he and other employees received wage statements from YRC that listed the employer name as YRC Freight and the employer address as 10990 Roe Avenue, Overland Park, KS 66211.

In December 2016, Savea filed an online notice with the California Labor and Workforce Development Agency alleging YRC's wage statements violated the Labor Code. He sent a copy of the notice to YRC by certified mail.

On February 28, 2017, Savea filed a complaint against YRC "on behalf of himself and as an 'aggrieved employee' " alleging YRC's wage statements "do not accurately show the name of the legal entity that is the employer" and "fail to completely and accurately show the employer's address," in violation of section 226, subdivision (a). Specifically, the wage statements listed the employer name as YRC Freight, while the entity registered with the California Secretary of State was YRC Inc. The wage statements listed the employer address as 10990 Roe Avenue, Overland Park, KS 66211, even though "its complete address" also included a mail stop code and a ZIP+4 Code, as follows: "10990 Roe Ave. *MS A515*, Overland Park, KS 66211-*1213*." (Italics added.) Savea sought statutory damages, civil penalties, attorney fees, and costs.

On April 27, 2017, YRC demurred to Savea's complaint on the ground that the complaint failed to state a claim because the employer name and address on its wage statements were accurate. YRC explained that YRC Freight is the registered fictitious business name that YRC uses "to transact all regular business in California" and that the listed address is YRC's correct mailing address. YRC argued there is no authority to support the position that a mail stop code or a ZIP+4 Code is required, and noted that the format it used on its wage statements fully comported with the address template for wage statements provided by the California Division of Labor Standards Enforcement (DLSE). YRC requested judicial notice of several documents, including DLSE's wage statement

2

template—which does not include a mail stop code or a ZIP+4 Code—and YRC's fictitious business name statement recorded by San Bernardino County.

Savea opposed the demurrer and asserted, among other things, that YRC "did not have a valid fictitious business name in California" "[w]hen the Complaint was filed" on February 28, 2017, because YRC's San Bernardino fictitious business name statement expired on January 13, 2017. In response, YRC filed a supplemental request for the trial court to take judicial notice of a fictitious business statement renewal that was recorded by Sacramento County on November 21, 2016, and had an expiration date of November 21, 2021. YRC argued: "Thus, at the time that Plaintiff's Complaint was filed on February 28, 2017, YRC Freight was—and still is—the legally recognized fictitious business name of Defendant in California."

The trial court issued a tentative ruling granting YRC's requests for judicial notice and sustaining YRC's demurrer to Savea's complaint without leave to amend. The court stated: "Based on the allegations and the documents subject to judicial notice, the name and address used in [YRC's] wage statements comply with Labor Code Sect. 226(a)(8)." Noting that the statute "merely requires that the wage statements identify 'the [employer's] name and address,' " the court ruled that YRC's use of a fictitious business name was proper and that there was no authority to support Savea's position that the listed address was inadequate. The court also noted there was no dispute that either the employer name or the employer address created any confusion or other issues. Finally, the court determined that even though YRC "did strictly comply" with the statute, strict compliance is not required, and that if YRC "did not strictly comply . . . , it substantially complied by identifying its correct name, and a correct address where it could be reached." After a hearing on the demurrer, the court adopted its tentative ruling as its order and entered judgment in favor of YRC.

DISCUSSION

### 1. *Wage Statements*

Savea contends the trial court erred in sustaining YRC's demurrer because the wage statements did not comply with section 226, subdivision (a)(8). We disagree.

" 'A demurrer tests the legal sufficiency of the complaint . . . .' " (*Golden Gate Hill Development Co., Inc. v. County of Alameda* (2015) 242 Cal.App.4th 760, 765.) In determining whether a plaintiff properly stated a claim for relief, " ' "[w]e treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions, or conclusions of fact or law. [Citation.] We also consider matters which may be judicially noticed." [Citation.] Further, we give the complaint a reasonable interpretation, reading it as a whole and its parts in their context. [Citation.] When a demurrer is sustained, we determine whether the complaint states facts sufficient to constitute a cause of action. [Citation.] And when it is sustained without leave to amend, we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm. [Citations.] The burden of proving such reasonable possibility is squarely on the plaintiff.' " (*Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1126.)

Section 226, subdivision (a) requires an employer to provide employees with "an accurate itemized statement" that includes: (1) gross wages earned; (2) total hours worked; (3) certain information for employees paid on a piece-rate basis; (4) all deductions; (5) net wages earned; (6) the pay period; (7) the employee's name and identifying information; (8) "the name and address of the legal entity that is the employer"; and (9) all applicable hourly rates. "An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for

4

each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees." (§ 226, subd. (e)(1).) Injunctive relief and civil penalties are also available. (§§ 226, subd. (h), 226.3).

"The Legislature enacted section 226 to ensure an employer 'document[s] the basis of the employee compensation payments' to assist the employee in determining whether he or she has been compensated properly. [Citations.] Section 226 'play[s] an important role in vindicating [the] fundamental public policy' favoring ' " 'full and prompt *payment* of an employee's earned wages.' " ' [Citation.]" (*Soto v. Motel 6 Operating, L.P.* (2016) 4 Cal.App.5th 385, 390; *Maldonado v. Epsilon Plastics, Inc.* (2018) 22 Cal.App.5th 1308, 1337 [" ' " 'The purpose of requiring greater wage stub information is to insure that employees are adequately informed of *compensation received* and are not shortchanged by their employers' " ' "].)

Here, YRC Freight was YRC's actual, recorded fictitious business name in California at the time it issued the wage statements of which Savea complains. YRC had a valid fictitious business name statement and renewal recorded in San Bernardino and Sacramento Counties, and YRC Freight was the company name it used "to transact all regular business in California . . . ." Because YRC properly listed its "name" on its wage statements, there was no violation of section 226, subdivision (a)(8).

Savea argues, without citation to relevant authority, that the use of a fictitious business name on wage statements is improper. The "[u]se of a fictitious business name," however, "does not create a separate legal entity," and there is no "distinction . . . between the legal corporation and its fictitious business name." (*Pinkerton's, Inc. v. Superior Court* (1996) 49 Cal.App.4th 1342, 1348.) "[W]here a person or corporation elects to follow the statutory procedure of section 17900 et seq. of the Business and Professions Code [relating to fictitious business names], it has held itself out to those with whom it does business as having adopted that name for all business purposes.

5

Notice to it under that name is all that the law requires." (*Billings v. Edwards* (1979) 91 Cal.App.3d 826, 831, fn. 1.)  Thus, YRC can file a lawsuit under its fictitious business name (Bus. & Prof. Code, § 17918), and Savea or any other person or entity can properly sue YRC under that name (*Pinkerton's, Inc. v. Superior Court*, *supra*, 49 Cal.App.4th at p. 1348 [a lawsuit against the fictitious business name is the equivalent of a lawsuit against the corporation].)  Because YRC Inc. and YRC Freight are the same "legal entity," YRC did not violate section 226, subdivision (a)(8) by listing YRC Freight as the employer name on its wage statements.

*York v. Starbucks Corp.* (C.D.Cal. Dec. 3, 2009, CV 08-07919 GAF (PJWx)) 2009 WL 8617536 (*York*) is persuasive.  There, an employee of Starbucks Corporation alleged her employer violated section 226, subdivision (a)(8) by listing the employer name on its wage statements as Starbucks Coffee Company—a fictitious business name—instead of Starbucks Corporation.  (*Id*. at pp. *6–7.)  The employer disagreed, noting that "no court or state administrative body has ever held that 'listing a registered fictitious name on a wage statement is unlawful.' " (*Id*. at p. *7.)  The court concluded that an employer's use of its fictitious business name on wage statements, rather than its company name, "satisfies section 226(a)(8) as a matter of law." (*Id.* at p. *8.)  In reaching its decision, the court relied in part on *Elliot v. Spherion Pacific Work, LLC* (C.D.Cal. 2008) 572 F.Supp.2d 1169, 1179 (*Elliot*), which observed that the statute merely requires the employer to list its "name and address" and that if the Legislature had intended to require a specific type of name such as a " ' "registered" ' " name, it would have done so.  (*York*, *supra*, at p. *8, citing *Elliot*, *supra*, 572 F.Supp.2d at pp. 1179–1180 [the statute requires great specificity with regard to pay rates, hours worked, and deductions, which "demonstrates that, when the legislature drafted this statute, it well knew how to require highly detailed information on wage statements"].)

Similarly, in *Mejia v. Farmland Mutual Insurance Company* (E.D.Cal. June 26, 2018, 2:17-cv-00570-TLN-KJN) 2018 WL 3198006 (*Mejia*), an employee

alleged her employer violated section 226, subdivision (a)(8) by listing the employer name on its wage statements as "Farmland Mutual Insurance Co." instead of the name registered with the California Secretary of State, "Farmland Mutual Insurance Company." (*Id*. at p. *5.) The employee argued the Legislature had a particular employer name in mind when it drafted section 226—i.e., the name registered with the Secretary of State— because it used the word "the" before "employer name and address." (*Ibid*.) The court disagreed, stating that if the Legislature had a particular name in mind, it would have stated *which* name had to be used. (*Ibid.*) Instead, the legislative history shows "only that the Legislature . . . require[d] a name and address . . . because it would be 'useful when grievances arise out of wages, for unemployment insurance purposes and for income tax and pension purposes.' " (*Id*. at p. *6, citing Paul D. Ward, bill mem. to Governor Brown re Assem. Bill No. 1750 (1963–1964 Reg. Sess.) June 24, 1963.) The court granted the employer's motion to strike without leave to amend, concluding there was nothing to support the argument that the employer name listed on a wage statement "must be identical to the employer name registered with the Secretary of State." (*Ibid.*) We agree with the analyses set forth in *York*, *Elliot*, and *Mejia* and conclude that YRC complied with section 226, subdivision (a)(8) by providing Savea with the name (and address) of the employer to contact in the event any issues arose.

 *Cicairos v. Summit Logistics, Inc.* (2005) 133 Cal.App.4th 949 (*Cicairos*), on which Savea relies, is inapposite. There, the Court of Appeal held the wage statements of the employer, Summit Logistics, Inc., were inadequate because they were fraught with "anomalies and confusing elements" including the way they itemized the hours worked. (*Id*. at pp. 960, 961.) The wage statements also did not include an employer name or address. (*Id*. at p. 961.) The employer argued that another document entitled "Driver Trip Summary—Report of Earnings" remedied the deficiencies in its wage statements, but the Court of Appeal disagreed, noting that this other document also did not provide an accurate report of the hours worked and merely included a logo with the word

7

"SUMMIT" at the top right-hand corner, with no address. (*Id.* at pp. 960–961.) *Cicairos*, in which the wage statements did not list the employer name or address at all, and where the employer provided only a logo name with no address on documents that were not wage statements, does not support Savea's position that YRC's wage statements were inadequate.

*Clarke v. First Transit, Inc.* (C.D.Cal. Nov. 4, 2010, CV 07-6476 GAF (MANx)) 2010 WL 11459323, on which Savea relies, also does not support his position. There, the court concluded that a wage statement did not comply with section 226, subdivision (a)(8) where the employer used a logo with the words "First Transit" because the logo name did not accurately reflect the actual employer name of First Transit Transportation, LLC, as opposed to First Transit, Inc., a separate and distinct entity. (*Id.* at p. *4.) Here, in contrast, there was no confusion about the identity of the employer, which was YRC Freight—the same legal entity as YRC Inc. Savea did not have to look at any document other than his wage statement to determine who his employer was.

We further conclude that YRC complied with the requirement of providing the employer address on its wage statements. As noted, section 226, subdivision (a)(8) simply requires the employer to provide its "address," which YRC did by listing its proper mailing address—10990 Roe Avenue, Overland Park, KS 66211. Savea does not dispute that this is the correct mailing address. He also does not dispute that the DLSE wage statement template contains no mail stop code or ZIP+4 Code, and has cited no authority to support his position that these additional items are required. We conclude, as the trial court did, that YRC fully complied with section 226, subdivision (a)(8) by providing its "name and address" in its wage statements.[2]

---

[2] YRC argues that even if it did not strictly comply with section 226, subdivision (a), it substantially complied. Savea responds that strict compliance is required. In light of our decision affirming the trial court's determination that YRC "did strictly comply," we need not, and therefore will not, decide whether section 226, subdivision (a) requires "strict" or "substantial" compliance.

Finally, we note Savea does not challenge the trial court's decision denying leave to amend, and we find no abuse of discretion. (*Zelig v. County of Los Angeles*, *supra*, 27 Cal.4th at p. 1126 [it is the plaintiff's burden to show a reasonable possibility the defect can be cured by amendment].)

## *2. Judicial Notice*

Savea contends the trial court erred in considering evidence of the Sacramento County renewal filing that YRC presented in a supplemental request for judicial notice. We disagree.

Where "supplemental" evidence submitted for the first time with a reply brief "raise[s] no new theories or arguments," "[i]t [is] well within the court's discretion to consider it." (*Professional Engineers in California Government v. Brown* (2014) 229 Cal.App.4th 861, 875.) There, the appellants argued the trial court erred by considering a supplemental declaration submitted with the respondent's reply brief because doing so "prevented them from providing a meaningful response." (*Id.* at pp. 874–875.) The Court of Appeal rejected the argument on the ground the supplemental declaration "did nothing more than elaborate upon" the information provided in the initial declaration submitted with the initial briefing. (*Id.* at p. 875.)

Similarly, here, YRC's supplemental request for judicial notice raised no new theories or arguments. Instead, the Sacramento County document merely supplemented its argument that YRC Freight was its proper fictitious business name, and was filed in response to Savea's argument that YRC Freight was not the correct name. When Savea took issue with the trial court's reliance on the Sacramento County document, the court expressly recognized that the document was filed "in response to what [Savea] raised as opposed to raising new issues." We conclude the court did not abuse its discretion in considering the document. (See *In re Social Services Payment Cases* (2008) 166 Cal.App.4th 1249, 1271 [we review the trial court's ruling on admissibility of evidence, including requests for judicial notice, under the abuse of discretion standard].)

9

**DISPOSITION**

The judgment is affirmed.  YRC shall recover its costs on appeal.

                                   _____

                                   Wiseman, J.[*]

WE CONCUR:

_____

Siggins, P. J.

_____

Petrou, J.

A152379/*Savea v. YRC Inc.*

---

[*] Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

11

<u>A152379/Savea v. YRC Inc.</u>

Trial Court:   Superior Court of San Mateo County

Trial Judge:   Richard DuBois, J.

Counsel:      Burton Employment Law and Jocelyn Burton for Appellant.

                Morgan, Lewis & Bockius, Barbara J. Miller and Joel M. Purles for Respondent.