Liliya **KISLIUK**

v.

**ADT SECURITY SERVICES, INC.**

**No. CV 08–3241 DSF (RZx).**

United States District Court,
C.D. California.

July 1, 2008.

Dina Sera Livhits, Lory Nguyen Ishii, Marc Primo, Mark Yablonovich, Matthew Thomas Theriault, Initiative Legal Group, Los Angeles, CA, for Plaintiff.

Jeanette Meejean Kang, Margaret H. Gillespie, S. Adam Spiewak, Ogletree, Deakins, Nash, Smoak and Stewart, Los Angeles, CA, for Defendant.

**Proceedings:** (In Chambers) Order DENYING Defendant's Motion To Dismiss and/or Strike Class Allegations and To Dismiss Plaintiff's Fifth and Sixth Claims for Relief (Docket No. 6)

DALE S. FISCHER, District Judge.

Debra Plato, Deputy Clerk.

This matter is before the Court on Defendant's Motion To Dismiss and/or Strike Class Allegations and To Dismiss Plaintiff's Fifth

and Sixth Claims for Relief. Defendant contends that Plaintiff's inability to certify a class is apparent from the face of their complaint and that Plaintiff's allegations in her Fifth and Sixth Claims for Relief are insufficient to state a claim.

The Court deems this matter appropriate for decision without oral argument. *See* Fed. R.Civ.P. 78; Local Rule 7–15. The hearing set for July 7, 2008 is removed from the Court's calendar. For the following reasons, the Court DENIES Defendant's motion.

## I. LEGAL STANDARD

### A. Rule 12(b)(6) Motion To Dismiss

A motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the pleadings. "When a federal court reviews the sufficiency of a complaint, before the reception of any evidence by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), *overruled on other grounds by Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396(1982).

"Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Specific facts are not necessary; the statement need only give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson v. Pardus,* 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (internal quotation marks and citation omitted; alteration in original). But the Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007).

The plaintiff bears the burden of pleading sufficient facts to state a claim. Courts will not supply essential elements of a claim that are not initially pled. *Richards v. Harper,* 864 F.2d 85, 88 (9th Cir.1988). "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson,* 127 S.Ct. at 2200.

### B. Rule 12(f) Motion To Strike

A court "may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f).

■ "The function of a Rule 12(f) motion is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Bassiri v. Xerox Corp.,* 292 F.Supp.2d 1212, 1219 (C.D.Cal.2003), *rev'd on other grounds,* 463 F.3d 927 (9th Cir.2006); *see also California ex rel. State Lands Comm'n v. United States,* 512 F.Supp. 36, 38 (N.D.Cal.1981) ("[W]here the motion may have the effect of making trial of the action less complicated, or have the effect of otherwise streamlining the ultimate resolution of the action, the motion to strike will be well taken."). Nevertheless, such motions are "viewed with disfavor and are not frequently granted." *Bassiri,* 292 F.Supp.2d at 1220; *accord Alco Pac., Inc.,* 217 F.Supp.2d at 1033.

In reviewing a 12(f) motion, courts view the pleading under attack in the light most favorable to the non-moving party. *Bassiri,* 292 F.Supp.2d at 1220. Therefore, "[m]otions to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Id.* (citation omitted). Courts often require a "showing of prejudice by the moving party" before the challenged material will be stricken. *Alco Pac., Inc.,* 217 F.Supp.2d at 1033 (citation omitted).

## II. DISCUSSION

### A. Motion To Dismiss or Strike Class Allegations

■ Defendant's motion to dismiss or strike Plaintiff's class allegations is premature. Although Defendant correctly cites *Kamm v. California City Development Co.,* 509 F.2d 205, 212–(9th Cir.1975), for the proposition that class allegations may be

stricken at the pleading stage, the granting of motions to dismiss class allegations before discovery has commenced is rare. *See In re Wal–Mart Stores, Inc. Wage and Hour Litigation,* 505 F.Supp.2d 609, 615 (N.D.Cal. 2007). "Indeed, while there is little authority on this issue within the Ninth Circuit, decisions from courts in other jurisdictions have made clear that 'dismissal of class allegations at the pleading stage should be done rarely and that the better course is to deny such a motion because "the shape and form of a class action evolves only through the process of discovery." ' " *Id.* (quoting *Myers v. Med-Quist, Inc.,* No. 05–4608, 2006 WL 3751210, at *4 (D.N.J.2006)); *accord Korman v. Walking Co.,* 503 F.Supp.2d 755, 762–63 (E.D.Pa. 2007); *Chong v. State Farm Mut. Auto. Ins. Co.,* 428 F.Supp.2d 1136, 1146–47 (S.D.Cal. 2006); *Miller v. Janssen Pharmaceutica Products, L.P.,* No. 05–CV–4076–DRH, 2006 WL 488636 (N.D.Ill.2006).

█ Nonetheless, because the defects in Defendant's argument are easily noted, the Court assesses the motion on its merits. Defendant's attempt to show that individual inquiries must predominate in all of Plaintiff's claims as a matter of law fails. Defendant contends that claims for meal and rest breaks are never amenable to class resolution, relying on this Court's decision in *Brown v. Federal Express Corp.,* 249 F.R.D. 580 (C.D.Cal.2008). As appealing as such a proposition might be to over-taxed district courts, it is not the holding of *Brown.* Rather, in *Brown,* the Court assessed the factual record with regard to members of the class, considered relevant differences in the work experience of different classes of employees, and concluded that the plaintiffs had offered no method of common proof that would transcend those differences. *See id.* at 585–88. Defendants' bare assertion that class members have different kinds of jobs—unsupported by any factual showing regarding the differences between those jobs and whether those differences are relevant to the ability to take breaks—falls far short of demonstrating that individual issues predominate. De-

fendant's equally conclusory statement that Plaintiff's job involves "unique factual circumstances" likewise fails to demonstrate that Plaintiff's claims are not typical of the class.

In addition, as explained below, there is no merit to Defendant's contention that Plaintiff's cause of action for failure to provide itemized wage statements necessarily turns on individualized analysis of damage caused to each plaintiff.

As Defendant has not demonstrated that all of Plaintiff's claims are not susceptible to class treatment as a matter of law, Defendant's motion to dismiss or strike Plaintiff's class allegations is DENIED.

**B. Plaintiff's Fifth Claim**

California Labor Code Section 226(a) requires employers to display nine categories of information on wage statements. Section 226(e) states:

> An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

In order to recover under Section 226(e), then, Plaintiff must have "suffer[ed] injury." In her Fifth Cause of Action, Plaintiff alleges that she and the other putative class members "have suffered injury and damage to their statutorily-protected rights"[1] and "have been injured ... because they were denied both their legal right to receive, and their protected interest in receiving, accurate, itemized wage statements." (Compl.¶¶ 64–65.) Defendant contends that violation of the statute alone is insufficient injury to allow for recovery of damages.

---

1. Plaintiff appears to contend that her allegation that she and the other putative class members "have suffered injury and damage to their statutorily-protected rights" somehow encompasses

injury beyond the injury to their statutorily-protected rights. (Opp'n 20–21.) The Court is not persuaded.

■ The parties do not provide, and the Court's research has not revealed, any California case construing the word "injury" in California Labor Code Section 226(e). In the absence of California Supreme Court precedent, this Court must apply the rule it believes the court would adopt under the circumstances. *See Wyler Summit P'ship v. Turner Broad. Sys., Inc.,* 135 F.3d 658, 663 n. 10 (9th Cir.1998).

■ Under California law, "[t]he fundamental purpose of statutory construction is to ascertain the intent of the lawmakers so as to effectuate the purpose of the law. In order to determine this intent, we begin by examining the language of the statute." *People v. Pieters,* 52 Cal.3d 894, 898, 276 Cal. Rptr. 918, 802 P.2d 420 (1991) (citations omitted). Where a statutory term "is not defined, it can be assumed that the Legislature was referring to the conventional definition of that term." *Connerly v. State Personnel Bd.,* 37 Cal.4th 1169, 1176, 39 Cal.Rptr.3d 788, 129 P.3d 1 (2006). Black's Law Dictionary defines "injury" as "[t]he violation of another's legal right, for which the law provides a remedy; a wrong or injustice." *Black's Law Dictionary* 801 (8th ed.2004). The Restatement Second of Torts, Section 7, likewise defines "injury" as "the invasion of any legally protected interest of another." Thus, according to Witkin's summary of California tort law, " '[i]njury' is the invasion of [a] legally protected interest; it differs from 'harm' or tangible and material detriment in that there may be injury ... without any tangible harm.' " 5 Witkin Summ. of Cal. Law Torts § 1 (10th ed.2005).

California Labor Code Section 226(e) adheres to the distinction between "injury," as the invasion of a legal right, and actual damages flowing from that injury, stating that "[a]n employee suffering *injury* ... is entitled to recover ... all *actual damages* ...."

(Emphasis added.) Moreover, the provision for statutory damages indicates the Legislature's understanding that violation of Section 226(a) might result in unquantifiable or nominal damages that would fall short of Defendant's proposed standard for standing.

■ Nonetheless, Defendant contends that injury is synonymous with actual damages, relying on *Jordache Enterprises, Inc. v. Brobeck, Phleger & Harrison,* 18 Cal.4th 739, 76 Cal.Rptr.2d 749, 958 P.2d 1062 (1998). *Jordache* dealt with a tolling provision for the statute of limitations for attorney malpractice claims, which begins to run from the time the plaintiff sustains "actual injury." *Id.* at 742–43, 76 Cal.Rptr.2d 749, 958 P.2d 1062. Because a cause of action for negligence cannot accrue until actual damages are sustained, the California Supreme Court determined that "actual injury" occurs when a "plaintiff has sustained any damages compensable in an action" for malpractice. *Id.* at 749, 751, 76 Cal.Rptr.2d 749, 958 P.2d 1062. The Court finds the definition of "injury" used in California tort law to be more applicable than *Jordache's* definition of *"actual* injury," which arises from the unique policy considerations supporting tolling statutes. In any event, *Jordache* recognized that "actual injury may consist of impairment or diminution ... of a right," such as Plaintiff's right to receive an itemized pay statement. *See id.* at 750, 76 Cal.Rptr.2d 749, 958 P.2d 1062. Thus, Plaintiff's allegations would be sufficient under either standard.[2]

Defendant also contends that any construction that equates "injury" with violation of the statute renders the phrase "[a]n employee suffering injury" superfluous. However, in context, the phrase "[a]n employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a)" narrows the universe of

---

2. Defendant also contends that "courts long have refused to permit plaintiffs to proceed with claims requiring a showing of actual injury unless they can plead specific facts to support the claim." (Mot. 9.) However, none of the authority Defendant cites actually supports this proposition. *See Jordache,* 18 Cal.4th 739, 76 Cal. Rptr.2d 749, 958 P.2d 1062 (holding that statute of limitations is tolled until occurrence of actual injury); *Shasta Douglas Oil Co. v. Work,* 212 Cal.App.2d 618, 28 Cal.Rptr. 190 (1963) (reversing final judgment where proof of damage was insufficient); *Nagy v. Nagy,* 210 Cal.App.3d 1262, 258 Cal.Rptr. 787 (1989) (holding that claims of fraud require particularized pleading); *Southall v. Sec. Title Ins. & Guar. Co.,* 112 Cal.App.2d 321, 323, 246 P.2d 74 (1952) (upholding demurrer where pleadings made clear that damage was not caused by the defendant).

those who have standing to sue under the statute to those whose injury flows from intentional violation of Section 226(a). Moreover, Defendant's construction would render meaningless the Legislature's distinction between the "injury" that creates standing and the "actual damages" that are recoverable under the statute.

Defendant's motion to dismiss Plaintiff's Fifth Cause of Action is DENIED.

### C. Plaintiff's Sixth Claim

In support of her Sixth Cause of Action for violation of California Labor Code Sections 2800 and 2802, Plaintiff alleges that "Plaintiff and other class members incurred necessary business-related expenses and costs that were not fully reimbursed by Defendant, *including and without limitation,* expenses and costs for guard cards, firearm permits and firearm certification...." (Compl. ¶ 70 (emphasis added).) Defendant's contention that it is not responsible for costs for guard cards, firearm permits and firearm certification is thus insufficient to demonstrate that Plaintiff has not stated a claim for which relief can be granted.[3]

Defendant's motion to dismiss Plaintiff's Sixth Cause of Action is DENIED.

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion To Dismiss and/or Strike Class Allegations and To Dismiss Plaintiff's Fifth and Sixth Claims for Relief is DENIED.

IT IS SO ORDERED.

---

3. Defendant's complaint that Plaintiff has failed in her opposition to identify other expenses is unavailing, as Federal Rule of Civil Procedure 8 does not require particularized pleading.