Filed 12/26/19

<u>CERTIFIED</u> <u>FOR</u> <u>PUBLICATION</u>

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| MOHAMMED NOORI, | C084800 |
| Plaintiff and Appellant, | (Super. Ct. No. STKCVUOE20164072) |
| v. | |
| COUNTRYWIDE PAYROLL & HR SOLUTIONS, INC., | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of San Joaquin County, Roger Ross, Judge. Affirmed in part and reversed in part.

Robert J. Wasserman, Vladimir J. Kozina and Mayall Hurley P.C. for Plaintiff and Appellant.

Chamberlin & Keaster LLP, Robert W. Keaster and David M. Berke for Defendant and Respondent.

1

The Legislature has enacted statutory requirements concerning itemized wage statements employers must provide employees along with their paychecks. In this case, Plaintiff Mohammed Noori sued his former employer, defendant Countrywide Payroll & HR Solutions, Inc., for violations of those statutory requirements. He alleged, inter alia, that Countrywide violated Labor Code section 226, subdivision (a)[1] by (1) providing wage statements bearing the acronym "CSSG" in violation of the requirement to include the "name . . . of the legal entity that is the employer"; and (2) failing to maintain copies of accurate itemized wage statements.[2] Noori also sought to bring those claims under the Private Attorneys General Act (PAGA). The trial court granted Countrywide's demurrer to the first amended complaint without leave to amend.

On appeal, Noori contends the trial court erred in finding (1) the wage statements provided to Noori, as a matter of law, complied with section 226, subdivision (a)(8)'s requirement to include the employer's name; (2) Countrywide maintained copies of wage statements as required by section 226, subdivision (a); and (3) Noori failed to satisfy the notice requirement for bringing a claim under PAGA.

We conclude the amended complaint states a claim under section 226, subdivision (a)(8) for failure to provide the employer's name. Noori's allegation that Countrywide's wage statements bore only the acronym "CSSG," an abbreviation of a fictitious business name, adequately supports this claim. We also conclude Noori satisfied the notice requirement for bringing that claim under PAGA. Accordingly, we reverse the trial court's orders as to those two causes of action.

---

[1] Undesignated statutory references are to the Labor Code in effect at the time of the matters alleged in the complaint.

[2] Noori also named a second defendant, alleging separate causes of action against it. That defendant is not party to this appeal.

As to the failure to maintain copies of accurate itemized wage statements claim, we affirm the trial court's order granting the demurrer without leave to amend because Noori's complaint fails to assert facts supporting the injury element.

## FACTUAL AND PROCEDURAL BACKGROUND

### The First Amended Complaint

Following a successful demurrer, Noori filed an amended complaint alleging Countrywide violated section 226, subdivision (a) by (1) failing to furnish "accurate itemized wage statements" (the "failure to furnish claim"); and (2) failing to maintain copies of accurate itemized wage statements (the "failure to maintain claim"). He also sought class certification, as well as to bring the claims under PAGA (§ 2698).

**The Failure to Furnish Claim**

As to his first claim, Noori alleged that in 2015, he began working for Countrywide. Countrywide furnished him wage statements that listed the employer of record as "CSSG." Noori alleged that based on research, CSSG stood for "Countrywide Staffing Solutions Group," which is not a name listed with the California Secretary of state, but is a fictitious business name for defendant Countrywide Payroll & HR Solutions, Inc. "at least in some States."[3] He further alleged that, based on research, Countrywide Staffing Solutions Group, Inc. operates under the fictitious business name of "Countrywide HR" or "CWHR" in California.

Noori alleged the wage statements violated section 226, subdivision (a)(8) by failing to show the name of his employer.[4] He further alleged that he and other employees "suffered injury as a result of Defendant's knowing and intentional failure to

---

[3] The trial court would later take judicial notice of Countrywide's Florida application for the fictitious business name "Countrywide Staffing Solutions Group."

[4] Though not raised on appeal, Noori originally alleged that Countrywide also failed to provide its address on the wage statement.

comply with Labor Code section 226(a)." He maintained that he and other employees were injured, under section 226 subdivision (e)(2), because they were unable to "promptly and easily determine 'the name . . . of the legal entity' " from the furnished statements.

### The Failure to Maintain Claim

As to his second claim, Noori alleged that prior to his suit, he wrote to Countrywide, requesting copies of his "payroll records, personnel records and personnel file." Countrywide, in response, provided records that failed to show the employer's name and address. Based on this, he alleged that Countrywide violated section 226 subdivision (a)'s requirement to maintain a copy of accurate itemized wage statements.

### The Private Attorney General Act Allegations

Seeking to also bring the above claims under PAGA, Noori alleged that he satisfied PAGA's statutory notice requirement by sending a letter to Countrywide and the Labor and Workforce Development Agency notifying them of the specific Labor Code provisions violated and facts and theories in support. Noori then brought suit after the agency did not provide notice that it intended to sue.

### Countrywide's Demurrer

Countrywide demurred to the amended complaint arguing neither of the first two causes of action stated a claim. As to the failure to furnish claim, Countrywide argued each wage statement identified the employer as CSSG, an acronym for Countrywide Staffing Solutions Group, a fictitious business name of Countrywide. Countrywide maintained that the use of a fictitious business name is proper, and it need not state its complete name. And, in any event, the checks attached to the wage statement provided the complete name.

As to the failure to maintain claim, Countrywide argued inter alia that Noori could not allege damages. It contended that unlike a claim for a failure to furnish statutorily

compliant wage statements — where injury is deemed from the failure to provide certain information — a record-keeping claim requires an allegation of actual injury.

Countrywide also asked that the PAGA claims be struck for failure to provide proper notice.

## The Trial Court's Ruling on the Demurrer

The trial court sustained the demurrer. It found the first amended complaint failed to allege a section 226 subdivision (a)(8) violation because "CSSG" satisfied the statutory name requirement as a matter of law. It noted that truncated names have been held to suffice, and unlike cases where a subdivision (a)(8) violation had been found, Countrywide's wage statements included both a name and an address.[5] And because "CSSG" had not violated section 226, subdivision (a)(8), the failure to maintain claim — itself grounded on the failure to state the employer's name — also failed.

The court noted those failures rendered the PAGA claims moot. It nevertheless ruled that, as to the PAGA claims, Noori had failed to provide proper notice.

## DISCUSSION

## I. The Failure to Furnish Wage Statement Information Claim

### A. The Parties' Contentions

Noori challenges the trial court's ruling that Countrywide's wage statements complied with section 226, subdivision (a)(8) as a matter of law. Noori correctly argues that no authority holds a mere acronym for an out-of-state fictitious business name complies with the requirement to state the "name . . . of the legal entity that is the employer."

Countrywide responds that the wage statement properly identified its name using a shortened version of its fictitious business name. According to Countrywide, section 226

---

[5] The court cited *Cicairos v. Summit Logistics, Inc.* (2005) 133 Cal.App.4th 949, and *Achal v. Gate Gourmet, Inc.* (N.D. Cal. 2015) 114 F.Supp.3d 781, which we discuss *post*.

requires neither the employer's complete name nor its legal name. And substantial compliance should suffice to satisfy the statute.

      We agree with Noori that the acronym here was insufficient.

### B. Analysis

      Section 226, subdivision (a)(8) requires employers to give employees, as a detachable part of their paychecks, "an accurate itemized statement." (§ 226, subd. (a).[6])

---

[6] Section 226, subdivision (a) in effect at the time of the complaint allegations provided: "Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either *as a detachable part of the check*, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) *the name* and address *of the legal entity that is the employer* and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and, beginning July 1, 2013, if the employer is a temporary services employer as defined in Section 201.3, the rate of pay and the total hours worked for each temporary services assignment. The deductions made from payment of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and *a copy of the statement* and the record of the deductions *shall be kept on file by the employer for at least three years* at the place of employment or at a central location within the State of California. For purposes of this subdivision, *'copy' includes a duplicate of the itemized statement provided to an employee or a computer-generated record that accurately shows all of the information required by this subdivision*." (Italics added.)

  Non-substantive amendments effective 2017 to portions of subdivision (a) of section 226 at issue here do not affect the application of our analysis going forward. (Assem. Bill No. 2535 (2015-2016 Reg. Sess) § 1.)

The wage statement must contain certain information, including "the name and address of the legal entity that is the employer." (§ 226, subd. (a).) An employee suffering injury as a result of an employer's knowing and intentional failure to comply with subdivision (a) is entitled to recover statutory damages, court costs and attorney's fees; injunctive relief is also available. (§ 226, subds. (e)(1), (h).)

What's in a name? Section 226 does not expressly require that the name registered with the California Secretary of State be included on the wage statement. (*Mejia v. Farmland Mutual Insurance Company* (E.D. Cal., June 26, 2018, No. 2:17-CV-00570-TLN-KJN) 2018 WL 3198006, at *5 (*Mejia*).) Nor must the company's complete name be included. Instead, section 226 subdivision (a)(8) only requires the employer to state "*the name* and address *of the legal entity that is the employer*."[7] (See *Elliot v. Spherion Pacific Work, LLC* (C.D. Cal. 2008) 572 F.Supp.2d 1169, 1180 (*Elliot*).) It does not expressly require that the employer state its complete or registered name. (*Id.* at p. 1179.) "If the legislature had intended to require an employer to show its complete [or registered] name on wage statements, it would have stated so . . . ." (*Id.* at p. 1180.) "[T]he specificity required in the remainder of section 226(a)—requiring, for example, various subcategories of information relating to pay rates, hours worked, and deductions—demonstrates that, when the [L]egislature drafted this statute, it well knew how to require highly detailed information on wage statements." (*Id.* at pp. 1170-1180.)

Further, as both parties note, minor truncations of an employer's name have been found to comply with the statute. (See *Elliot, supra,* 572 F.Supp.2d at p. 1179 [referring

---

[7] Noori asserts that the Legislature's use of the term "legal entity" indicates the Legislature intended that the legal name of the entity be noted on the wage statement. We disagree. If that were its intent, then we think the Legislature would have prefaced the word "name" with the word "legal" or "registered." As worded, we construe the statute as requiring the listed name be that of the legal entity employing the employee. We further note that a fictitious business name does not create a separate legal entity. (*Pinkerton's, Inc. v. Superior Court* (1996) 49 Cal.App.4th 1342, 1348.)

7

to "Spherion Pacific Work, LLC" instead of "Spherion Pacific Work*force*, LLC" did not violate statute (italics added)]; *Mejia, supra,* 2018 WL 3198006, at *5 [referring to "Farmland Mutual Insurance Co." rather than the registered name "Farmland Mutual Insurance Co*mpany*," did not violate statute (Italics added)].)

Similarly, fictious business names can satisfy the statute. (See *Savea v. YRC Inc.* (2019) 34 Cal.App.5th 173, 180 [using California registered fictitious business name "YRC Freight" instead of the legal corporate name "YRC Inc." did not violate statute]; *York v. Starbucks Corp.* (C.D. Cal., Dec. 3, 2009, No. CV-08-07919 GAF) 2009 WL 8617536, at *8 [using "Starbucks Coffee Company" a fictitious business name of "Starbuck Corporation," rather than the official corporate name satisfied section 226(a)(8) as a matter of law].)

But more severe truncations or alterations of the employer's name can violate the statute, particularly where confusion might ensue. (See *Cicairos v. Summit Logistics, Inc., supra,* 133 Cal.App.4th at p. 961 [employer "Summit Logistics, Inc." violated statute by failing to include its name, where the statement included only the word "SUMMIT" at the top right-hand corner of "driver trip summaries" along with a logo]); *Clarke v. First Transit, Inc.* (C.D. Cal., Nov. 4, 2010, No. CV 07-6476 GAF (MANX) 2010 WL 11459323, at *4 [noting a reasonable jury could find a violation from listing "First Transit" and a logo, instead of "First Transit Transportation, LLC," where a different entity "First Transit, Inc." also exists]; *Mays v. Wal-Mart Stores, Inc.* (C.D. Cal. 2019) 354 F.Supp.3d 1136, 1142-1144 [use of "Wal-Mart Associates, Inc." instead of "Wal-Mart Stores, Inc." did not satisfy statute where multiple Wal-Mart entities shared the same address].)

Here, we have an acronym of an out-of-state fictious business name. While we see no reason why the use of an out-of-state fictitious business name will violate the statute, the use of an unregistered acronym of the fictitious name is another matter. To be sure, the use of an acronymic name that is the registered fictious business name is proper.

8

(See *Savea v. YRC Inc., supra,* 34 Cal.App.5th 173.)  But "CSSG" is not Countrywide's registered name, nor is it a minor truncation.  CSSG is a construct, corresponding to "Countrywide Staffing Solutions Group," and which may or may not have meaning to Countrywide employees.  As the court in *Elliot* cautioned, "an employer using a shortened name or abbreviation that renders the name confusing or unintelligible may be violating section 226 [subdivision] (a)(8)."  (*Elliot*, *supra*, 572 F.Supp.2d at p. 1180.)  Noori alleged that he thought he was working for Restoration Hardware whose worksite he reported to during the relevant time periods.  He has alleged that he and other employees "were unable to promptly and easily determine" their employer's name from the wage statements.  And on an appeal following a successful demurrer, we treat the demurrer as admitting all material facts properly pled — including the fact that employees were unable to promptly determine their employer's name from the wage sheets.  (See *Herzberg v. County of Plumas* (2005) 133 Cal.App.4th 1, 12.)

This conclusion is not altered by the fact that the full name appears on the checks.  Indeed, in its appellate brief, Countrywide notes that "Countrywide Staffing Solutions Group" appears on checks attached to wage statements, arguing that even if the statute requires a "complete" name, "the checks physically attached to the wage statements, and *thus part of them*, stated the 'complete name' and thus complied."  (Italics added.)  But Countrywide's argument is based on an erroneous premise.  The paycheck is not "part of" the wage statement.  Section 226, subdivision (a) directs employers to furnish "*as a detachable part of the check* . . . an accurate itemized statement in writing showing [the statutorily required information]."  (§ 226, subd. (a) italics added; see also *Willner v. Manpower Inc.* (N.D. Cal. 2014) 35 F.Supp.3d 1116, 1129 [rejecting argument that address on a detachable check attached to wage statements satisfied statute].) [8]

---

[8]  At oral argument, Countrywide's counsel, for the first time, urged that the paychecks enable employees to "promptly and easily determine" that CSSG stands for Countrywide

9

Accordingly, we hold — for purposes of surviving a demurrer in this case — the use of the acronym "CSSG" did not satisfy section 226 subdivision (a)(8) as a matter of law. We therefore reverse the order sustaining the demurrer as to the failure to furnish claim and remand for further proceedings.

## II. The Failure to Maintain Wage Statement Records Claim

### A. Noori's Contentions

Noori contends the amended complaint stated a claim for a failure to maintain accurate copies of itemized wage statements under section 226. He argues the documents Countrywide provided in response to his request for payroll records did not include the employer's name and address. Further, the complaint adequately alleged injury because section 226's provision deeming injury also applies to a failure to maintain claim. We disagree, because the provision deeming injury applies only to claims related to the failure to furnish claims.

### B. Analysis

Separate from the duty to furnish compliant wage statements, section 226 requires employers to maintain "a copy of the [wage] statement" for at least three years. (§ 226, subd. (a); see fn. 7, *ante*.) A "copy" can include either a duplicate of the statement given to employees or a "computer-generated record that accurately shows all of the information" required under subdivision (a) of section 226. (*Ibid*.)

---

Staffing Solutions Group, at least for purposes of section 226, subdivision (e)(2)(B), which provides for when an employee is deemed to suffer injury (See Discussion part II, *post*). Counsel's argument is undermined by that subdivision's language deeming injury where the employee cannot "promptly and easily determine *from the wage statement alone*" the employer's name. (§ 226, subd. (e)(2)(B), italics added.) In defining "promptly and easily determine," the statute contemplates that the employee need not "reference . . . other documents or information." (*Ibid.*) See fn. 12, *post*.

10

To recover for a violation of this provision, an employee must have suffered injury. (§ 226, subd. (e)(1).)[9] Noori does not allege that he suffered actual injuries. He relies on the "deemed injury" provisions in subdivision (e)(2) of section 226 and correctly points out that no case has directly examined whether these provisions can apply to a failure to maintain claim.

Under section 226, subdivision (e)(2), injury is "deemed" to have been suffered in two instances: (1) where the employer fails to provide a wage statement (§ 226, subd (e)(2)(A)) or (2) where "the employer fails to *provide accurate and complete information*" as required by section 226, subdivision (a), *and* "the employee cannot promptly and easily determine" the statutorily required information "from the *wage statement alone*." (§ 226, subd (e)(2)(B), italics added.[10]) "[P]romptly and easily

---

[9] Section 226, subdivision (e)(1) provides: "An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees."

[10] Section 226, subdivision (e)(2) provides: "(A) An employee is *deemed to suffer injury* for purposes of this subdivision if the employer fails to provide a wage statement. [¶] (B) An employee is deemed to suffer injury for purposes of this subdivision if *the employer fails to provide accurate and complete information as required by any one or more of items (1) to (9), inclusive, of subdivision (a) and the employee cannot promptly and easily determine from the wage statement alone* one or more of the following: [¶] (i) The amount of the gross wages or net wages paid to the employee during the pay period or any of the other information required to be provided on the itemized wage statement pursuant to items (2) to (4), inclusive, (6), and (9) of subdivision (a). [¶] (ii) Which deductions the employer made from gross wages to determine the net wages paid to the employee during the pay period. Nothing in this subdivision alters the ability of the employer to aggregate deductions consistent with the requirements of item (4) of subdivision (a). (iii) *The name* and address of the *employer* and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer during the pay period. [¶] (iv)

11

determine" means that a "reasonable person" can "readily ascertain the information without reference to other documents or information." (§ 226, subd. (e)(2)(C).)

Noori does not contend the first alternative (§ 226, subd. (e)(2)(A)) applies to the record keeping obligations under section 226, subdivision (a), and we cannot see how the second alternative (§ 226, subd. (e)(2)(B)) could either.

There are two predicates for the second alternative for deemed injury under section 226, subdivision (e)(2)(B). First is the failure *to provide* accurate and complete *information* required by subdivisions (a)(1) through (9). Second is the employee's inability to promptly and easily determine a list of items, including the name of the employer, "from the *wage statement alone*." (Italics added.) Given the italicized language, it is clear the second alternative for deemed injury expressly relates only to the failure to provide certain information in the wage statement. (See fn. 7 and 12, *ante*.) Whether an employee can promptly and easily determine certain information from a wage statement has no bearing on the employer's separate record keeping duty to maintain copies of the wage statements. Indeed, the employer need not keep copies of the actual wage statement; it may satisfy its duty by keeping a "computer-generated record." (See fn. 7, *ante*.)

Our conclusion is confirmed by legislative history.[11] (See *Hughes v. Pair* (2009) 46 Cal.4th 1035, 1046 [court may consider legislative history when it confirms or

The name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number. [¶] (C) For purposes of this paragraph, *'promptly and easily determine' means a reasonable person would be able to readily ascertain the information without reference to other documents or information.*" (Italics added.)

[11] Countrywide's request to take judicial notice of the legislative history for SB 1255 is granted except as to the proffered documents described as "policy analysis" and "fact sheet." (See *Kaufman & Broad Communities, Inc. v. Performance Plastering, Inc.* (2005) 133 Cal.App.4th 26, 39 [denying request for judicial notice for failure to show the "Fact Sheet" was communicated to the Legislature as a whole].)

12

buttresses the plain meaning]; *Kulshrestha v. First Union Commercial Corporation* (2004) 33 Cal.4th 601, 613, fn. 7 ["courts may always test their construction of disputed statutory language against extrinsic aids bearing on the drafters' intent."].) The deemed injury provision was added by amendment in 2012.  (Sen. Bill No 1255 (2011-2012 Reg. Sess).)  A Senate Judiciary Committee analysis described the need for the amendment: "Recently, several court cases have resulted in differing standards for whether an employee has suffered injury *from an employer's failure to provide required information on a wage statement.  This bill is intended to respond to those decisions* and clarify what constitutes 'suffering injury' by an employee."  (Italics added)  (Sen. Judiciary Com. Analysis of Sen. Bill No. 1255 (2011-2012 Reg. Sess.) as amended April 30, 2012.)  The analysis cited several examples of cases reaching differing opinions on what is required to show injury.  (*Ibid.*)  All the cases involved the failure to include required information on a wage statement.  (*Ibid.*; *Brinkley v. Public Storage, Inc.* (2008) 167 Cal.App.4th 1278 [alleging employer provided paystubs with misstatements in violation of section 226] (cause transferred); *Kisliuk v. ADT Sec. Services, Inc.* (C.D. Cal. 2008) 263 F.R.D. 544, 547 [alleging employees did not receive accurate, itemized wage statements]; *Lamps Plus Overtime Cases* (2011) 195 Cal.App.4th 389 (cause transferred) [wage statements failed to reflect statutory compensation for employees who missed meals and rest periods]; *Yuckming Chiu v. Citrix Systems, Inc.* (C.D. Cal., Nov. 23, 2011, No. SA CV 11-1121 DOC) 2011 WL 6018278, at *6 [alleging wage statements failed to show total hours worked, the hourly rates during the pay period, and the corresponding hours worked at each hourly rate].)

Another Senate Committee analysis similarly noted that courts had grappled with what constitutes suffering injury and cited three cases as examples.  (Sen. Comm. on Labor and Industrial Relations, Analysis of Sen. Bill No. 1255 (2011-2012 Reg. Sess.) as amended March 29, 2012.)  Again, all the cited cases involved wage statements that failed to include required information.  (*Ibid.*; *Phillips v. Huntington Memorial Hosp.*

13

(Cal. Ct. App., Aug. 30, 2005, No. B167052) 2005 WL 2083299, at *1 [paystubs failed to show gross wages earned or total hours worked]; *Jaimez v. Daiohs USA, Inc.* (2010) 181 Cal.App.4th 1286, 1305 [paystub omission prevented employees from determining if all hours worked were paid]; *Price v. Starbucks Corp.* (2011) 192 Cal.App.4th 1136, 1142 [wage statements failed to include all required information].)  In sum, the legislative history shows the intent to address injuries resulting from failure to furnish claims, and nothing in the legislative history evinces an intent to apply the deemed injury provision to a failure to maintain claim.

Finally, *Achal v. Gate Gourmet, Inc., supra*, 114 F.Supp.3d 781, on which Noori relies, does not alter our conclusion.  There, an employee brought a failure to furnish and a failure to maintain claim against his former employer.  (*Id*. at p. 791.)  When the employer moved to dismiss, the trial court ruled that the complaint had stated a claim for a failure to maintain, along with injury, based on an allegation that the computer-generated records of wage statements failed to include the employer's address.  (*Id*. at pp. 792, 814.)  The court explained that the employee had pled facts that plausibly suggested he was unable to promptly and easily determine his employer's address.  (*Ibid*.)

While *Achal* could be read to infer that the deemed injury provision might apply to a failure to maintain claim, the parties there did not address the more fundamental question of the applicability of that provision to such claims, nor did the district court rule on it.  As such, *Achal* does not undermine our conclusion that the deemed injury provision does not apply to a failure to maintain claim.  (See *Miklosy v. Regents of University of California* (2008) 44 Cal.4th 876, 900, fn. 7 [" 'It is axiomatic that cases are not authority for propositions not considered' "].)

In sum, the trial court properly sustained Countrywide's demurrer to the failure to maintain claim.[12]

### III.  The Private Attorney General Act Claims

Finally, as to his PAGA claims, Noori challenges the trial court's conclusion that he failed to provide proper notice.

### A.  Additional Background and Noori's Contentions

As alleged in the complaint, and as shown through an attached exhibit, Noori sent Countywide a pre-filing letter, stating in relevant part:  "In accordance with California Labor Code section 2699.3(a)(1), this letter shall serve as Mr. Noori's written notice to the Labor and Workforce Development Agency ("LWDA") and Employers regarding the aforementioned violations."  The letter explained, "[t]he wage statements issued to Mr. Noori and Employers' other current and former employees do not comply with Labor Code section 226(a)(8)."  It also set forth facts that are substantially the same as later alleged in the complaints.

Countrywide moved to strike the PAGA claims for failure to provide proper notice.  It argued notice had been provided under subdivision (a)(1) of section 2699.3, instead of subdivision (c).  It also argued the notice failed to give notice of the facts and theories supporting the alleged violations.

The trial court, having concluded Noori failed to state a claim as to the two underlying causes of action, determined the motion to strike the PAGA claims was moot. The court, nevertheless, determined Noori had also failed to provide proper notice under

---

[12]  Countrywide also argues that Noori never requested copies of his wage statements — he only requested "payroll records."  Thus, his claim is based on the receipt of payroll records, which did not include the employer name and address, rather than "wage statements," which were later provided through discovery.  Because we conclude the claim fails for lack of injury, we need not address this argument or Countrywide's other arguments regarding the failure to maintain claim.

15

section 2699.3 because he referred to subdivision (a)(1), rather than subdivision (c) in his letter. Subdivision (c) applies to the failure to include an employer's "name and address" on the wage statement. The court explained: "The difference between Labor Code section 2699.3(a)(1) and section 2699.3(c) is significant because only 2699.3(c) contains a provision allowing that ' . . . The employer may cure the alleged violation within 33 calendar days of the postmark date of the notice . . . .' "

On appeal, Noori argues that both subdivisions (a) and (c) of section 2699.3 impose the exact same notice requirement on a putative PAGA plaintiff, and neither subdivision requires a plaintiff to inform the employer of the subdivision under which notice is being sent. We agree.

## B. Analysis

PAGA authorizes an employee to sue for civil penalties " 'on behalf of himself or herself and other current or former employees,' " as an alternative to enforcement by the Labor and Workforce Development Agency. (*Dunlap v. Superior Court* (2006) 142 Cal.App.4th 330, 337; § 2699, subd. (a).)[13] But before bringing a PAGA claim, section 2699.3 requires the employee to first give notice as directed by the statute. (*Khan v. Dunn-Edwards Corp.* (2018) 19 Cal.App.5th 804, 808–809.)

For claims arising from the failure to include an employer's name on wage statements (§ 226 subd. (a)(8)), section 2699.3 subdivision (c) sets the notice

---

[13] Civil penalties are available under sections 226.3, 2699, subdivisions (a) and (f). (See *Raines v. Coastal Pacific Food Distributors, Inc.* (2018) 23 Cal.App.5th 667, 673-674, 681 [noting that the trial court has discretion in awarding civil penalties and may reduce the award for technical violations that cause no actual injury if, based on the facts and circumstances, to do otherwise would result in an award that is unjust, arbitrary and oppressive, or confiscatory; also noting that a trial court may consider whether the violation was inadvertent in assessing penalties].)

requirements. (§§ 2699.3, 2699.5.) For all other section 226 subdivision (a) claims, subdivision (a) of section 2699.3 sets the notice requirements. The notice requirements for subdivisions (a) and (c) of section 2699.3, however, are identical: "The aggrieved employee or representative shall give written notice by certified mail to the Labor and Workforce Development Agency and the employer of *the specific provisions of this code alleged to have been violated*, *including the facts and theories to support the alleged violation*." (§ 2699.3 subd. (a)(1)[14] & (c)(1)[15], italics added.) Subdivision (c) allows the employer to cure an alleged violation within 33 days of the notice, and it does so in a

---

[14] Section 2699.3, subdivision (a) in effect at the time of the notice provided in pertinent part: "(a) A civil action by an aggrieved employee pursuant to subdivision (a) or (f) of Section 2699 alleging a violation of any provision listed in Section 2699.5 shall commence only after the following requirements have been met: [¶] (1) *The aggrieved employee or representative shall give written notice* by certified mail *to* the Labor and Workforce Development Agency and *the employer of the specific provisions of this code alleged to have been violated, including the facts and theories to support the alleged violation*." (Italics added.)

A 2016 amendment effective after the date of the notice here provided for an on-line notification to LWDA. (Sen. Bill No. 836 (2015-2016 Reg. Sess), § 190.) No other changes have been made to subdivisions (a) and (c) of section 2699.3.

[15] Section 2699.3, subdivision (c) in effect at the time of the notice provided in pertinent part: "(c) A civil action by an aggrieved employee pursuant to subdivision (a) or (f) of Section 2699 alleging a violation of any provision other than those listed in Section 2699.5 or Division 5 (commencing with Section 6300) shall commence only after the following requirements have been met: [¶] (1) *The aggrieved employee or representative shall give written notice* by certified mail *to* the Labor and Workforce Development Agency and *the employer of the specific provisions of this code alleged to have been violated, including the facts and theories to support the alleged violation*. [¶] (2)(A) *The employer may cure* the alleged violation within 33 calendar days of the postmark date of the notice. The employer shall give written notice by certified mail within that period of time to the aggrieved employee or representative and the agency if the alleged violation is cured, including a description of actions taken, and no civil action pursuant to Section 2699 may commence. If the alleged violation is not cured within the 33-day period, the employee may commence a civil action pursuant to Section 2699." (Italics added.)

17

separate subdivision from the notice requirements.  (§ 2699.3, subd. (c)(2)(A), see fn. 17, *ante*.)

We agree with Noori that nothing in section 2699.3 requires an employee to provide notice of the subdivision under which notice is being provided; both subdivision (a)(1) and (c)(1) only require notice of (1) the Labor Code provisions alleged to have been violated and (2) the supporting facts and theories.  Nor is there an express requirement in the statute to give notice to the employer that the violation may be cured.  As no such requirements exist, and because Noori's notice complied with the statutory notice requirements by stating the provisions alleged to have been violated (section 226, subd. (a)(8)) and the supporting facts and theories, we conclude that the erroneous reference to subdivision (a)(1) rather than (c) did not render the notice ineffective.[16]  The Legislature apparently left it up to the employer to determine whether it could avoid a lawsuit by curing under section 2699.3, subdivision (c).[17]

We conclude that Noori provided proper notice.

---

[16]  Countrywide also maintains that the notice was misleading because it directed Countrywide to a code provision that did not include the option of timely curing the violation, thus denying Countrywide its opportunity to cure.  We cannot agree.  Despite Noori's apparently erroneous reference to subdivision (c), his notice made clear that the violation was for wage statements that "do not comply with Labor Code section 226(a)(8)" for "fail[ure] to show the name and address of the legal entity that is the employer."  With that information, a full reading of section 2699.3 would inform Countrywide and/or its counsel of the right to cure, despite Noori citing the wrong subdivision.

[17]  Countrywide also argues the notice failed to identify how its recordkeeping violated the Labor Code, along with the facts and theories in support.  Having concluded that Noori failed to state a cause of action as to the failure to maintain claim, we need not reach that averment.  Countrywide does not make a similar argument regarding the facts and theories related to the failure to furnish claim.

## DISPOSITION

The judgment of dismissal is reversed. The order sustaining the demurrer is affirmed in part and reversed in part. It is reversed as to the first cause of action, the failure to furnish claim (Lab. Code, § 266, subd. (a)(8).) And as to that claim, brought under the Private Attorney General Act, the matter is remanded for further proceedings consistent with this opinion. In all other respects, the judgment is affirmed. The parties shall bear their own costs on appeal.


                                                        /s/
                                                    MURRAY, J.


We concur:


      /s/
BUTZ, Acting P. J.


      /s/
DUARTE, J.